1
2
3
4
5
6
7  UNITED STATES DISTRICT COURT
8  EASTERN DISTRICT OF CALIFORNIA
9
10  ANTHONY RILEY,                        CASE NO.    1:13-cv-00847-LJO-MJS (PC)
11              Plaintiff,                ORDER  DISMISSING  COMPLAINT  WITH
                                          LEAVE TO AMEND
12       v.
13                                        (ECF No. 2)
    T. BEAULIEU, et al.,
14                                        AMENDED COMPLAINT DUE WITHIN
                Defendants.               THIRTY (30) DAYS
15
16  _____/
17
18                              **SCREENING ORDER**
19  **I.     PROCEDURAL HISTORY**
20       On June 21, 2012, Plaintiff Anthony Riley, a state prisoner proceeding pro se, filed
21  a civil claim in the Superior Court of the State of California, County of Kern.  (ECF No. 2,
22  Ex. A .)  Defendants removed the matter to this Court on the grounds that the claims arise
23  under 42 U.S.C. § 1983.  (ECF No. 2.)  Plaintiff's Complaint is now before the Court for
24
25  screening.
26  ///
27
                                         1

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

**III.    SUMMARY OF COMPLAINT**

The Complaint identifies the following Correctional Officers at North Kern State Prison (NKSP) as Defendants: (1) T. Beaulieu, (2) J. Ramirez, and (3) John Doe.

Plaintiff alleges the following:

On June 21, 2011, Plaintiff was eating dinner in the dining facility when two inmates attacked a fellow prisoner.  The floor officer instructed all inmates to lie on the floor and Plaintiff complied.  Pepper spray was deployed to stop the fight.  At some point during the

1
2
3
4
5
6
7

altercation, Defendant Beaulieu fired her 40mm direct impact launcher at Plaintiff while he remained lying face down on the ground.  Plaintiff was struck on the left arm, began bleeding, and was escorted to the medical clinic for treatment.  (Compl. at 9.)  Defendants Ramirez and Doe intentionally failed to report Beaulieu's use of force and Plaintiff's injury.  (Id. at 9, 13.)  The Complaint asserts that Defendant Beaulieu employed excessive force in violation of Plaintiff's Fourth Amendment rights.  (Id. at 10.)

8

## IV.  ANALYSIS

9

### A.  Section 1983

10
11
12
13
14
15

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

16
17
18
19
20
21
22
23
24
25
26

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

27

1

2

3

**B.**    **Excessive Force**

The Cruel and Unusual Punishments Clause of the Eighth Amendment[1] protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).  What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with "the objective component being contextual and responsive to 'contemporary standards of decency.'"  Hudson, 503 U.S. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper

---

[1]  Plaintiff invokes the Fourth Amendment in his excessive force claim.  However, because Plaintiff is a convicted prisoner, the Eighth Amendment rather than the Fourth Amendment protects him from the use of excessive force. See Graham v. Connor, 490 U.S. 386, 394 (1989) (Fourth and Eighth Amendment "primary sources of constitutional protection against physically abusive governmental conduct").

4

the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Id. at 1178.

1.    Beaulieu

Plaintiff alleges that he was not involved in the fight and was lying face down on the floor as instructed.  He asserts that Defendant "Beaulieu shot [him] for no reason at all." (Compl. at 9.)  However, the broad sweep of Plaintiff's allegations and apparent inconsistencies between them and Plaintiff's own statements in his inmate appeal leave the Court unable to find the claims plausible.

As to the latter issue first, Plaintiff's July 7, 2011 inmate grievance (attached to the Complaint) disavows staff misconduct on Defendant Beaulieu's part; instead, it states she "acted in good faith in her discretion as an officer performing her duty in a tumultous [sic] situation."  Such a characterization is inconsistent with the maliciousness and sadism necessary to a claim of excessive force.  Should Plaintiff choose to amend, his amended pleading must reconcile the inconsistency between his present claims and his past statements.

Further, Plaintiff omits facts necessary to enable the Court to evaluate his claim properly.  He does not describe where he was laying in proximity to the fight or to Defendant Beaulieu, whether he was in Defendant's line of sight, where his arms and legs

5

1
2
3
4
5
6

were relative to his body, and how he observed, from the prone position, Defendant fire an impact round at him.  The mere fact that Defendant Beaulieu used force is not sufficient to state a claim.  Iqbal, 129 S.Ct. at 1949-50.  Plaintiff must allege facts that fully describe the circumstances of the altercation and demonstrate that Defendant Beaulieu acted maliciously and sadistically to cause harm.  Wilkins, 559 U.S. at 34.

7

### 2.   Ramirez and Doe

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Defendants Ramirez and Doe allegedly violated Plaintiff's rights by failing to document the incident.   The Complaint does not explain how the Defendants' failure to document the incident contributed to the underlying violation or amounts to an independent violation.   "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).   To the extent Plaintiff believes an inaccurate prison record denies him due process, he fails to state a claim.  The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record.  Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (Because the Court found that Washington law provided a liberty interest in accurate prison record information, the Court declined to reach the issue of whether the Due Process Clause itself provided such a right).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

24
25
26
27

The Court will grant Plaintiff leave to amend and specify more clearly the bases for his claim against Defendants Ramirez and Doe.  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk

of harm to his health or safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994).

## V.    <u>CONCLUSION AND ORDER</u>

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  <u>Iqbal</u>, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  <u>Id.</u> at 1949 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed June 21, 2012;

2.     Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.


IT IS SO ORDERED.

Dated:    July 31, 2013              /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE

8